UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

    Plaintiff,

    v.                             CAUSE NO. 3:20-CV-286-JD-MGG

M. BUCKMAN, et al.,

    Defendants.

OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dodd alleges he was socializing with other inmates near his cell on September 14, 2018, when another offender, Offender Walker, verbally threatened him, used vulgar language, and physically prevented him from returning to his cell. He was eventually able to get past him. Later, Dodd approached Offender Walker and asked him why he was upset. Offender Walker told him he was a "petty M.F. due to a (3) three dollar debt and they was saying that I.A./O.I.I. was telling everyone that I was a

traitor/false-flagger, that I was in (2) two different gangs/organizations, instead of one." ECF 1 at 3. The two offenders eventually came to an agreement that Dodd would pay the $3.00 debt. However, Offender Walker then "sucker-punched" Dodd in the jaw and hit him with a combination lock and crutch. Dodd defended himself, and the two began to fight in earnest. Offender Walker ran into the officers' station for assistance and shut the door. Offender Walker was not restrained by the officers.

Sometime later, the defendants—Officer Dunlap and Officer M. Buckman—approached Dodd and ordered him to "cuff up." *Id*. at 4. Offender Walker lunged towards Dodd as this was taking place. Although Officer Dunlap tried to stop Offender Walker by grabbing his arm, he "snatched away" from Officer Dunlap, jumped over the officers, and stabbed Dodd at the base of his neck with a 10-12" homemade knife. The defendants tackled Offender Walker and secured the knife. Dodd kicked Offender Walker while he was on the ground. Dodd was then escorted, in handcuffs, to the infirmary. During the walk to the infirmary, Officer Dunlap and Officer Buckman slammed Dodd face-first onto the concrete floor, breaking his left orbital eye-socket in three places and causing him to lose consciousness. After being evaluated in the infirmary, Dodd was transported to an outside hospital the same day. There he received stitches, a CT scan, and was scheduled for future surgery by a plastic surgeon to reconstruct his orbital socket. The surgery occurred on October 19, 2018, at an

outpatient medical facility. Dodd has sued Officer Dunlap and Officer Buckman for compensatory and punitive damages.[1]

Dodd asserts the defendants subjected him to excessive force in violation of the Eighth Amendment. The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Here, Dodd alleges Officer Dunlap and Officer Buckman maliciously and sadistically slammed him face-first onto the concrete floor—while he was already injured and tightly handcuffed—in order to cause him harm. Giving Dodd the benefit of the inferences to which he is entitled at this stage, he has stated plausible claims against Officer Dunlap and Officer Buckman in their individual capacities for using excessive force against him in violation of the Eighth Amendment.

---

[1] Dodd also describes the medical care he received in the wake of the incident, and he asserts he is unhappy with the results of the surgery. However, he has not sued any medical professionals, and it is not plausible to infer Officer Dunlap and Sergeant Buckman were responsible for any of his care after they dropped him off at the infirmary on September 14, 2018. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, the complaint does not state any claims against Officer Dunlap or Officer Buckman regarding Dodd's medical treatment.

He also alleges Officer Dunlap and Officer Buckman violated his rights by failing to intervene to protect him from Offender Walker's attack. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). In order to prevail on such a claim, a plaintiff must establish that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted).

Here, based on the facts presented, it is not plausible to infer that either Officer Dunlap or Officer Buckman had actual knowledge of the impending attack. Prior to the stabbing, the offenders were separated. There is no indication the officers were aware Offender Walker had a homemade knife in his possession. When Offender Walker moved towards him, Dodd admits Officer Dunlap tried to stop him by grabbing his arm. The fact that Offender Walker "snatched away" from the officers and jumped over them to stab Dodd was not foreseeable or reasonably preventable since it occurred so quickly. Moreover, Dodd's allegation that Officer Dunlap did initially attempt to stop

4

Offender Walker cuts strongly against his assertion the defendants failed to intervene. Therefore, these claims will be dismissed.

Additionally, Dodd has sued the officers for assault and battery under Indiana law in violation of Indiana Code "35-42-2-1(2)(F)." ECF 1 at 10. Dodd's allegations that the defendants' actions violated provisions of the Indiana Criminal Code state no claim upon which relief can be granted in this case. However, Dodd may be attempting to assert an intentional tort claim for civil battery. He alleges he satisfied the notice requirements in the Indiana Tort Claims Act. *See* IND. CODE § 34-13-3-6; *Poole v. Clase*, 476 N.E.2d 828 (Ind. 1985). Under Indiana law, if an officer "uses unnecessary or excessive force, the officer may commit the torts of assault and battery." *Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 866 (S.D. Ind. 2006) (citing *Crawford v. City of Muncie*, 655 N.E.2d 614, 622 (Ind. App. 1995)). In such a case, "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Mullins v. Parkview Hosp., Inc.*, 865 N.E.2d 608, 610 (Ind. 2007) (citing Restatement (Second) of Torts § 13 (1965)). "Indiana's excessive force standard effectively parallels the federal standard[.]" *Fidler*, 428 F. Supp. 2d at 866. Giving Dodd the benefit of the inferences to which he is entitled, he has stated claims against the defendants for the intentional tort of civil battery pursuant to Indiana law. The court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) at this early stage to allow Dodd to proceed on these claims.

Finally, Dodd has filed several miscellaneous motions. He filed two motions requesting a trial by jury. ECF 16 & ECF 22. However, these motions will be denied as moot because Dodd included a jury demand in his complaint which is sufficient to establish a written demand[2] (*see* ECF 1 at 1), and this fact has already been noted on the docket. Dodd also filed a motion for an opportunity to be heard pursuant to Federal Rule of Evidence Rule 201(e). ECF 17. This motion will be denied as unnecessary as Rule 201 involves the propriety of taking judicial notice of adjudicative facts, and Dodd has not identified any facts that would be the proper subject of judicial notice at this stage. Last, Dodd filed a motion for change of address. ECF 20. However, this motion will be denied as unnecessary because he admits he is still imprisoned at the Indiana State Prison, albeit in a different cell location—there is no need for the clerk to note cell changes on the docket as long as they are within the same prison.[3]

For these reasons, the court:

(1) GRANTS Jermaine D'Shann Dodd leave to proceed against Officer M. Buckman and Officer Dunlap in their individual capacities for compensatory and punitive damages for subjecting him to excessive force on September 14, 2018, in violation of the Eighth Amendment;

---

[2] "The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate. . . . [A] party may demand a jury trial by . . . serving the other parties with a written demand—*which may be included in a pleading* . . . ." Fed. R. Civ. P. 38 (emphasis added).

[3] Dodd also describes alleged mistreatment by prison officials in the motion, but none of the individuals named are defendants in this action, and the events described do not relate to the subject matter of this lawsuit. Therefore, any additional requests contained within the motion are also DENIED. If Dodd believes his rights are being violated and that he has unrelated, non-frivolous claims, he may bring them in a separate lawsuit.

(2) GRANTS Jermaine D'Shann Dodd leave to proceed against Officer M. Buckman and Officer Dunlap in their individual capacities for monetary damages for committing the tort of intentional battery against him on September 14, 2018, in violation of Indiana law;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer M. Buckman and Officer Dunlap at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer M. Buckman and Officer Dunlap to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(7) DENIES the motions for jury trial as moot (ECF 16 & ECF 22);

(8) DENIES the motion to be heard as unnecessary (ECF 17); and

(9) DENIES the motion for change of address as unnecessary (ECF 20).

SO ORDERED on September 1, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT