UNITED STATES DI23 at 7STRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

Plaintiff,

v.                                                    CAUSE NO. 3:20-CV-286-MGG

M. BUCKMAN and DUNLAP,

Defendants.

OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, is proceeding in this case
against Officer Buckman and Officer Dunlap in their individual capacities for
compensatory and punitive damages (1) "for subjecting him to excessive force on
September 14, 2018, in violation of the Eighth Amendment," and (2) "for committing the
tort of intentional battery against him on September 14, 2018, in violation of Indiana
law." ECF 23 at 6-7. The defendants filed a motion for summary judgment, arguing they
did not use excessive force against Dodd. ECF 96. Dodd filed a response, and the
defendants filed a reply. ECF 108, 109. Dodd then filed an unauthorized sur-response,
which the defendants have moved to strike. ECF 110, 111.[1] The summary judgment
motion is now fully briefed and ripe for ruling.

---

[1] Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response
and prohibits the filing of additional briefs without leave of court. N.D. Ind. L. R. 56-1(d). Therefore, the
defendants' motion to strike Dodd's unauthorized sur-response will be granted. *See McCurry v. Kenco
Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (holding that district courts "may strictly enforce
local summary-judgment rules" even against parties who are unrepresented by counsel); *see also Robinson
v. Waterman*, 1 F.4th 480, 482 (7th Cir. 2021); *Phoneprasith v. Greff*, No. 21-3069, 2022 WL 1819043 (7th Cir.
June 3, 2022).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

*Eighth Amendment claim*

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the

2

intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

The parties agree that: (1) on September 14, 2018, Dodd got into a fight with another inmate; (2) correctional officers separated and restrained Dodd and the other inmate; (3) Dodd initially resisted the officers; and (4) Dodd was eventually subdued on the ground, placed in restraints, and escorted to the medical unit. ECF 96-1 at 1-3; ECF 108-4 at 4-6. The parties dispute what transpired during Dodd's escort to the medical unit. On the one hand, Officer Buckman attests he escorted Dodd to the medical unit by holding his arm while Dodd walked on his own accord, and that Dodd was not placed on the ground or harmed during the escort. ECF 96-1 at 3. Moreover, Officer Dunlap attests he was not present for Dodd's transport to medical, and that Dodd was escorted solely by Officer Buckman. ECF 96-2 at 2-3. On the other hand, Dodd attests that, while he was being escorted in restraints to the medical unit, Officers Buckman and Dunlap slammed him face first into the floor, breaking his left orbital eye socket in three places. ECF 108-4 at 6. Dodd attests that, at the time of this use of force, he was not resisting or threatening the officers in any fashion or breaking any prison rules. *Id.* Dodd provides affidavits from two other inmates, who attest that, once Dodd was handcuffed and no longer resisting, they witnessed Officer Dunlap come up from behind and snatch his legs from under him, causing him to hit his face on the concrete. ECF 108-2 at 14, 16.

There is thus a disputed fact regarding whether Officers Buckman and Dunlap used excessive force against Dodd during the escort to the medical unit by unnecessarily slamming his face into the ground after he had stopped resisting. Because this dispute relies on a credibility determination, the court cannot resolve it at the summary judgment stage. *See Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011) (at the summary judgment stage, the court cannot "weigh conflicting evidence" or "make credibility determinations," as this is "the province of the jury") (citations omitted). Moreover, this dispute is material because, if a jury credited Dodd's version of events, it could reasonably conclude the defendants used force maliciously and sadistically to cause harm, not in a good faith effort to maintain or restore order. In their reply, the defendants argue Dodd's version of events is refuted by video footage of the incident. ECF 109 at 6-8. However, the video footage only shows the defendants' initial restraint of Dodd and a small portion of his transfer to the medical unit. A reasonable jury could credit Dodd's testimony and conclude the defendants used excessive force which was not captured on the video footage. Accordingly, because there is a disputed material fact regarding whether the defendants violated Dodd's Eighth Amendment rights, summary judgment must be denied on this claim.

*State law claim*

Turning to Dodd's state-law claim, he is proceeding against both defendants "for committing the tort of intentional battery against him on September 14, 2018, in violation of Indiana law[.]" ECF 23 at 7. "Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of

his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016) ("Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment.") "If an alleged action is within the general scope of an individual's authority, it is authorized within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Reiner v. Dandurand*, 33 F.Supp.3d 1018, 1033 (N.D. Ind. 2014) (quotations and citations omitted); *see also Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) ("Even criminal acts may be considered as being within the scope of employment if the criminal acts originated in activities so closely associated with the employment relationship as to fall within its scope") (quotation marks omitted).

Here, the undisputed facts show that Officers Dunlap and Buckman were acting within the scope of their employment when they used force against Dodd on September 14, 2018, as their conduct of restraining Dodd and escorting him to the medical unit were closely associated with their employment relationship. *See id.* Dodd appears to assert the defendants' conduct was "clearly outside the scope of" their employment (ECF 108-1 at 28), but he does not explain or cite any evidence supporting this argument. Therefore, Officers Dunlap and Buckman are entitled to immunity under the ITCA even assuming their use of force was excessive. *See Doe v. Gray*, 2020 WL 3868702 (N.D. Ind. July 8, 2020) (noting this Circuit has foreclosed an interpretation of the ITCA that creates an exception for malicious conduct). Because the undisputed facts show the

defendants are entitled to immunity under the ITCA, summary judgment is warranted in their favor on Dodd's state law claim.

For these reasons, the court:

(1) GRANTS the defendants' motion to strike Dodd's unauthorized sur-response (ECF 111);

(2) STRIKES Dodd's unauthorized sur-response (ECF 110);

(3) GRANTS the defendants' motion for summary judgment (ECF 96) with respect to Dodd's state-law claim, but DENIES it with respect to Dodd's Eighth Amendment claim; AND

(4) REMINDS the parties this case is now proceeding only on Dodd's remaining claim against Officer Buckman and Officer Dunlap in their individual capacities for compensatory and punitive damages for subjecting him to excessive force on September 14, 2018, in violation of the Eighth Amendment.

SO ORDERED on March 9, 2023

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge